**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street, S.W., Suite 800<br>Washington, DC 20024,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue, N.W.<br>Washington, DC 20530-0001,<br><br>Defendant. | ) | Civil Action No. |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against the U.S. Department of Justice ("Defendant") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552. As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the

responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant is an agency of the United States Government. Defendant has possession, custody, and control of records to which Plaintiff seeks access. Defendant is headquartered at 950 Pennsylvania Avenue, N.W., Washington, DC 20530-0001.

## STATEMENT OF FACTS

5. On October 5, 2018, Plaintiff submitted a FOIA request to the Federal Bureau of Investigation, a component of Defendant through its online system seeking access to:

> **1. Any and all records of communication between former FBI General Counsel James Baker and former Department of Justice attorney and current Perkins Coie Partner Michael Sussman.**
>
> **2. Any and all records created in preparation for, during, and/or pursuant to any meetings between Mr. Baker and Mr. Sussman.**
>
> **3. Any and all calendars, agendas, or similar records, either in paper or electronic format, documenting the schedule and activities of Mr. Baker.**
>
> **The time frame for this request is January 1, 2016 to December 31, 2016.**

6. By letter dated October 16, 2018, Defendant acknowledged receipt of Plaintiff's request and assigned the request FOIAPA Request Number 1418827-000.

7. As of the date of this Complaint, Defendant has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## COUNT I

### (Violation of FOIA, 5 U.S.C. § 552)

8. Plaintiff realleges paragraphs 1 through 7 as if fully stated herein.

9. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with it.

10. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's FOIA request within the time limits set by FOIA. Accordingly, Defendant's determination was due, at the latest, by November 29, 2018.

11. Because Defendant failed to make a final determination on Plaintiff's FOIA request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and *Vaughn* indices of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: March 1, 2019

Respectfully submitted,

*/s/ James F. Peterson*
James F. Peterson
D.C. Bar No. 450171
JUDICIAL WATCH, INC.
425 Third Street S.W., Suite 800
Washington, DC 20024
Tel: (202) 646-5172
Email: jpeterson@judicialwatch.org

*Counsel for Plaintiff*