UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., | |
| Plaintiff, | |
| v. | Civil Action No.: 19-0573 (JEB) |
| DEPARMENT OF JUSTICE, | |
| Defendant. | |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**

## **CONTENTS**

| | | |
|---|---|---|
| I. | PRELIMINARY STATEMENT | 1 |
| II. | FACTUAL BACKGROUND | 1 |
| | A. Supporting Materials | 1 |
| | B. Plaintiff's FOIA Request | 2 |
| III. | LEGAL STANDARDS | 3 |
| | A. Rule 56 – Summary Judgment | 3 |
| | B. Summary Judgment Standard in FOIA Cases | 3 |
| IV. | ARGUMENT | 5 |
| | A. Exemption 6 – Legal Standards | 6 |
| | B. Exemption 7(C) – Legal Standards | 8 |
| | C. Exemptions 6 and 7(C) Justify the FBI's Glomar Response. | 11 |
| CONCLUSION | | 12 |

I.     **PRELIMINARY STATEMENT**

Plaintiff, Judicial Watch, Inc. ("Plaintiff"), brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, seeking to compel the Federal Bureau of Investigation ("FBI") to produce certain records regarding alleged contact between Michael Sussman and former FBI General Counsel James Baker. (Pl's Compl., ECF No. 1). Plaintiff's FOIA request did not include a third party identity waiver that would allow disclosure of documents regarding a third party nor did the FOIA request even attempt to articulate a public interest in disclosure. Whether or not said records exist, Mr. Sussman has a substantial privacy interest in the nondisclosure of information about him; accordingly, the FBI has properly asserted a <u>Glomar</u> response in conjunction with FOIA Exemptions 6 and 7(C) to refuse to confirm or deny the existence of records pertaining to Mr. Sussman.[1]

II.    **FACTUAL BACKGROUND**

   A.    **Supporting Materials**

In support of its Motion for Partial Summary Judgment, FBI hereby incorporates the accompanying Statement of Material Facts Not in Genuine Dispute ("SOMF") and the exhibits thereto, including (but not limited to) the **Declaration of Michael G. Seidel** ("Seidel Decl."), Assistant Section Chief of the Record/Information Dissemination Section, Information Management Division of the FBI, which is attached as **Exhibit 1**.

---

[1] Plaintiff's FOIA request has three parts. FBI has asserted a privacy Glomar for parts one and two of the FOIA request only. FBI has completed a search and is in the process of processing located records for part three of the FOIA request.

B.     **Plaintiff's FOIA Request**

By letter dated October 5, 2018, Plaintiff submitted a three-part FOIA request to the FBI seeking:

1. Any and all records of communication between former FBI General Counsel James Baker and former Department of Justice attorney and current Perkins Coie Partner Michael Sussman.

2. Any and all records created in preparation for, during, and/or pursuant to any meetings between Mr. Baker and Mr. Sussman.

3. Any and all calendars, agendas, or similar records, either in paper or electronic format, documenting the schedule and activities of Mr. Baker.

[Def's Ex. 1-A (FOIA Request).]  Plaintiff limited the request to records created between January 1, 2016 and December 31, 2016.  [Id.]  The FOIA request did not include a privacy waiver for Mr. Sussman or Mr. Baker nor did it include any other authorization for disclosure of information to a third party or proof of death of Mr. Sussman or Mr. Baker.  [Seidel Decl. ¶¶ 5, 19-20.]

The FOIA request did not attempt to articulate any public interest that would be served by disclosure of the records, if such records existed.  [Seidel Decl. ¶¶ 5, 19, 21; Def's Ex. 1-A (FOIA Request).]  Its only discussion of the public interest was made in reference to Plaintiff's request for a fee waiver as a representative of the news media.  [Def's Ex. 1-A at 2.]  In this regard, the FOIA request simply made the conclusory assertion that:

> 'disclosure of the information is in the public interest.'  5 U.S.C. § 552(a)(4)(A)(iii).  Disclosure of the requested records undoubtedly will shed light on 'the operations or activities of the government.'  Cause of Action, 799 F.3d at 1115 (quoting 5 U.S.C. § 552(a)(4)(A)(iii)).  'Disclosure also is 'likely to contribute significantly to the public understanding' of those operations or activities because, among other reasons, Judicial Watch intends to disseminate both the records and its findings to 'a reasonably broad audience of persons interested in the subject' via its newsletter, email updates, investigative bulletins, website, blog, and its other, regular distribution channels.

2

[Def's Ex. 1-A at 2 (FOIA Request).] In June 2019, FBI advised Plaintiff that it intended to assert a privacy Glomar for parts one and two of the FOIA request. [Seidel Decl. ¶ 8.]

### III.   LEGAL STANDARDS

#### A.   Rule 56 – Summary Judgment

Summary judgment is appropriate when the pleadings and evidence show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Tao v. Freeh, 27 F.3d 635, 638 (D.C. Cir. 1994). The party seeking summary judgment must demonstrate the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 248. A genuine issue of material fact is one that "might affect the outcome of the suit under the governing law." Anderson, 477 U.S. at 248. In determining whether a genuine issue of material fact exists, the trier of fact must view all facts, and reasonable inferences drawn therefrom, in the light most favorable to the nonmoving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587–88 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. 242, 247-48 (emphasis in original).

#### B.   Summary Judgment Standard in FOIA Cases

FOIA represents a delicate balance "between the right of the public to know and the need of the Government to keep information in confidence. . . ." John Doe Agency v. John Doe Corp., 493 U.S. 146, 152 (1989) (citation omitted). FOIA requires that an agency release all records responsive to a properly submitted request unless such records are protected from disclosure by one or more of the Act's nine statutory exemptions. 5 U.S.C. § 552(b); Dep't of Justice v. Tax Analysts, 492 U.S. 136, 150-51 (1989). FOIA's "nine enumerated exemptions are designed to

protect those 'legitimate governmental and private interests' that might be 'harmed by release of certain types of information'" to the public at large.  August v. FBI, 328 F.3d 697, 699 (D.C. Cir. 2003) (quoting John Doe Agency v. John Doe Corp., 493 U.S. 146, 152 (1989)).

"FOIA cases are typically and appropriately decided on motions for summary judgment." Dean v. DOJ, 87 F. Supp. 3d 318, 320 (D.D.C. 2015) (citation omitted); accord Brayton v. Office of U.S. Trade Rep., 641 F.3d 521, 527 (D.C. Cir. 2011) ("[T]he vast majority of FOIA cases can be resolved on summary judgment.").  An agency may be entitled to summary judgment in a FOIA case if it demonstrates that no material facts are in dispute and each responsive record that it has located either has been produced to the plaintiff or is exempt from disclosure.  See Weisberg v. Dep't of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980).  "[T]he Court may award summary judgment solely on the basis of information provided by the department or agency in declarations when the declarations . . . demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'"  Citizens For Responsibility & Ethics in Washington v. U.S. Dep't of Labor, 478 F. Supp. 2d 77, 80 (D.D.C. 2007) (quoting Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981)); see McGehee v. CIA, 697 F.2d 1095, 1102 (D.C. Cir. 1983) (To meet its burden, a defendant may rely on reasonably detailed and non-conclusory declarations.)

"In certain cases, merely acknowledging the existence of responsive records would itself 'cause harm cognizable under [a] FOIA exception.'"  People for the Ethical Treatment of Animals v. Nat'l Inst. of Health, 745 F.3d 535, 540 (D.C. Cir. 2014) (quoting Wolf v. C.I.A., 473 F.3d 370, 374 (D.C. Cir. 2007), in turn quoting Gardels v. CIA, 689 F.2d 1100, 1103 (D.C. Cir. 1982)).  "In that event, an agency can issue a Glomar response, refusing to confirm or deny its possession of responsive documents."  Id.  Neither a "search for responsive records" nor the submission of a

4

"Vaughn index" is required for a Glomar response to be held valid because the Glomar response "narrows the FOIA issue to the existence of records vel non." Wolf, 473 F.3d at 374 n.4. "A Glomar response is valid 'if the fact of the existence or nonexistence of agency records falls within a FOIA exemption.'" People for the Ethical Treatment of Animals, 745 F.3d at 540 (quoting Wolf, 473 F.3d at 374). "Courts can grant summary judgment upholding a Glomar response based on agency affidavits explaining the basis for the response." Id. The agency's explanatory burden is not demanding, and the standard is, ultimately, no different than in the typical FOIA case: "[A]n agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible.'" Wolf, 473 F.3d at 374–75 (quoting Gardels, 689 F.2d at 1105).

IV.     **ARGUMENT**

The FBI properly refused to deny or confirm the existence of records pertaining to a third-party that would be exempt from disclosure pursuant to FOIA Exemptions 6 and 7(C). The FBI issued a Glomar response because to acknowledge the existence of records would reveal personal information that the FOIA exemptions are intended to protect. See, e.g., Larson v. Dep't of State, 565 F.3d 857, 861 (D.C. Cir. 2009); Roth v. U.S. Dep't of Justice, 642 F.3d 1161, 1171 (D.C. Cir. 2011). The response is in recognition that in some circumstances a FOIA request can by its very terms be limited to privacy-sensitive information pertaining to an identified individual or is necessary to protect the privacy interest of individuals who are named in investigatory records. [Seidel ¶¶ 10-12, 17.] In such cases, redaction alone would not be adequate to protect the personal privacy interests at stake. The FBI explains in its declaration that FBI long standing policy has been to neither confirm nor deny the existence of records pursuant to 5 U.S.C. § 552(b)(6) and (b)(7)(C) ("Glomar"), where a requester seeks access to information regarding a third party but fails to provide a privacy waiver from the third party, a proof of death of that third party, or a

5

showing that the public interest outweighs the privacy interest of the third party. [Seidel ¶¶ 10-13, 21.]

    A.    **Exemption 6 – Legal Standards**

FOIA Exemption 6 exempts disclosure of information contained in "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy." 5 U.S.C. § 552(b)(6). The Supreme Court has interpreted Exemption 6 broadly, making clear that the statutory language files "similar" to personnel or medical files encompasses any "information which applies to a particular individual." U. S. Dep't of State v. Washington Post Co., 456 U.S. 595, 602 (1982); see also New York Times Co. v. NASA, 920 F.2d 1002, 1005 (D.C. Cir. 1990) (finding voice tapes from the shuttle Challenger to be "similar files"). Highly personal information has been held to be exempt from disclosure under FOIA Exemption 6. See, e.g., National Archives and Records Admin. v. Favish, 541 U.S. 157 (2004) (photographs of the suicide of Deputy White House Counsel Vincent Foster); Dep't of Defense v. FLRA, 510 U.S. 487, 497 (1994) (addresses); United States Dep't of State v. Ray, 502 U.S. 164, 175-76 (1991) (names and addresses, marital and employment status, information regarding children); Washington Post, 456 U.S. at 602 (passport information); Judicial Watch, Inc. v. United StatesDep't of Commerce, 83 F. Sup. 2d 105, 112 (D.D.C. 1999) (date of birth, visa, and passport data); Church of Scientology v. Dep't of the Army, 611 F.2d 738, 747 (9th Cir. 1979) (religious affiliation).

The purpose of Exemption 6 is to "protect individuals from the injury and embarrassment that can result from the unnecessary disclosure of personal information." United States Dep't of State v. Washington Post Co., 456 U.S. 595, 599 (1982). Here, it is clear that the information sought would fall within the category of "personnel files" because, by the clear terms of the FOIA request, the requested files (if they exist) pertain to and disclose information about a particular

individual (Mr. Sussman) and his private communications and activities.  [See Ex. 1-A (FOIA Request.]

Once across the low threshold that information at issue "applies to a particular individual," the analysis shifts to whether disclosure of the information at issue "would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(6).  This requires a balancing of the public's interest in disclosure against the privacy interest in non-disclosure.  See Dep't of Air Force v. Rose, 425 U.S. 352, 372 (1976); Dep't of Justice v. Reporters Comm. For Freedom of Press, 489 U.S. 749, 776 (1989).  The Supreme Court has adopted a broad construction of the privacy interests protected by Exemption 6.  In DOJ v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 763 (1989), the Court rejected a "cramped notion of personal privacy" under the FOIA's exemptions and instead emphasized that "privacy encompass[es] the individual's control of information concerning his or her person."  More specifically, the Court noted that "[p]rivacy is the claim of individuals . . . to determine for themselves when, how, and to what extent information about them is communicated to others."  Id. at 764 n.16 (citation omitted).  Privacy is of particular importance in the FOIA context because a disclosure required by the FOIA is a disclosure to the public at large.  See Painting & Drywall Work Pres. Fund, Inc. v. HUD, 936 F.2d 1300, 1302 (D.C. Cir. 1991) (finding that if information "must be released to one requester, it must be released to all, regardless of the uses to which it might be put").

The plaintiff bears the burden of establishing that disclosure of personal information – in this case, the existence of responsive records – would serve a cognizable public interest.  Carter v. United States Dep't of Commerce, 830 F.2d 388, 391 n.13 (D.C. Cir. 1987).  The "only relevant public interest to be weighed in this balance is the extent to which disclosure would serve the core purpose of FOIA, which is contribut[ing] significantly to public understanding of the operations

7

or activities of the government." Dep't of Def. v. Fed. Labor Relations Auth., 510 U.S. 487, 495 (1994) (internal citation omitted) (internal citation and quotation marks omitted). The "simple invocation of a legitimate public interest … cannot itself justify the release of personal information. Rather, a court must first ascertain whether that interest would be served by disclosure." Hopkins v. HUD, 929 F.2d 81, 88 (2 Cir. 1991); see also Carter, 830 F.2d at 391 and n.13 (establishing public interest is the requester's burden); Favish, 541 U.S. at 172 (stating that, with respect to privacy concerns, the requesting party must show a "sufficient reason for the disclosure").

### B. Exemption 7(C) – Legal Standards

#### 1. Exemption 7 Threshold

FOIA Exemption 7 protects from mandatory disclosure "records or information compiled for law enforcement purposes," to the extent that disclosure could result in one of the six harms enumerated in subparts (A) through (F) of the exemption. See 5 U.S.C. § 552(b)(7). As such, judicial review of an agency's withholding under Exemption 7 "requires a two-part inquiry." FBI v. Abramson, 456 U.S. 615, 622 (1982). First, the relevant information must have been "compiled for law enforcement purposes." Id.; Quinon v. FBI, 86 F.3d 1222, 1228 (D.C. Cir. 1996). A record is compiled for law enforcement purposes if: (1) the activity that gives rise to the documents is related to the enforcement of federal laws or the maintenance of national security; and (2) the nexus between the activity and one of the agency's law enforcement duties is based on information sufficient to support at least a "colorable claim" of its rationality. See Keys v. DOJ, 830 F. 2d 337, 340 (D.C. Cir. 1987); Pratt v. Webster, 673 F.2d 408, 420-21 (D.C. Cir. 1982); Blanton v. DOJ, 63 F. Supp. 2d 35, 44 (D.D.C. 1999).

Courts assume that a "criminal law enforcement agency[s']" records were for law enforcement purposes because government agencies "typically go about their intended business," and courts apply a "more deferential attitude toward [their] claims of 'law enforcement purpose.'"

Pratt v. Webster, 673 F.2d 408, 418–19 (D.C. Cir. 1982).  In light of that deference, the D.C. Circuit has opined that a law-enforcement agency need only show that the nexus between the activity in question and its law-enforcement duties "must be based on information sufficient to support at least 'a colorable claim' of its rationality."  Keys v. U.S. Dep't of Justice, 830 F.2d 337, 340 (D.C. Cir. 1987) (quoting Pratt, 673 F.2d at 421); see Seidel Decl. ¶¶ 15-17.

The FBI is without a doubt a law-enforcement agency.  Pursuant to 28 U.S.C. §§ 533 and 534, Executive Order 12,333 as implemented by the Attorney General's Guidelines for Domestic FBI Operations, and 28 C.F.R. § 0.85, the FBI is the primary investigative agency of the federal government, with authority and responsibility to investigate all violations of federal law not exclusively assigned to another agency; to conduct investigations and activities to protect the United States and its people from terrorism and threats to national security; and to further the foreign intelligence objectives of the United States.  See Abdeljabbar v. Bureau of Alcohol, Tobacco & Firearms, 74 F. Supp. 3d 158, 178 (D.D.C. 2014) (holding that the FBI is a law-enforcement agency).

  **2. Exemption 7(C) Standards**

Under Exemption 7(C), assuming information was compiled for law enforcement purposes, then it must be determined if disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(7)(C).  Like Exemption 6, Exemption 7(C) "call[s] for a balancing of the privacy interests that would be compromised by disclosure against the public interest in release of the requested information."  McCutchen v. United States Dep't of Health & Human Servs., 30 F.3d 183, 185 (D.C. Cir. 1994); Davis v. DOJ, 968 F.2d 1276, 1281 (D.C. Cir. 1992); Reporters Comm., 489 U.S. at 776-780.  "Exemption 7(C)'s privacy language is broader than [that of]… Exemption 6 in two respects.  First, whereas Exemption 6 requires that the invasion of privacy be 'clearly unwarranted,' the adverb 'clearly' is

9

omitted from Exemption 7(C). . . . Second, whereas Exemption 6 refers to disclosures that 'would constitute' an invasion of privacy, Exemption 7(C) encompasses any disclosure that 'could reasonably be expected to constitute' such an invasion." Reporters' Comm., 489 U.S. at 756 (quoting 5 U.S.C. §§ 552(b)(6), (7)(C)).

"In order to trigger the balancing of public interests against private interests, a FOIA requestor must (1) 'show that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake,' and (2) 'show the information is likely to advance that interest." Boyd v. Criminal Division of U.S. Dep't of Justice, 475 F.3d 381, 387 (D.C. Cir. 2007) (citing Favish, 541 U.S. at 172). Courts have construed the public interest component narrowly, noting that the public interest "must be assessed in light of FOIA's central purpose," and that purpose "is not fostered by disclosure about private individuals that is accumulated in various government files but that reveals little or nothing about an agency's conduct." Nation Magazine v. United States Customs Serv., 71 F.3d 885, 894 (D.C. Cir. 1995)(quotation marks and citation omitted). "[T]he only public interest relevant for purposes of Exemption 7(C) is one that focuses on 'the citizens' right to be informed about what their government is up to."' Davis, 968 F.2d at 1282 (quoting Reporters Comm, 489 U.S. at 773). Details that "reveal little or nothing about an agency's own conduct" are not part of the public interest for purposes of Exemption 7(C). Blanton v. U.S. Dep't of Justice, 63 F. Supp. 2d 35, 41 (D.D.C. 1999) (quoting Davis, 968 F.2d at 1282); cf. SafeCard Servs. Inc. v. SEC, 926 F.2d 1197, 1206 (D.C. Cir. 1991) (public interest in disclosure of third party identities is "insubstantial"). In the absence of any evidence that the government agency has engaged in illegal activity, information that interferes with a third party's privacy is exempt from disclosure. Spirko v. U.S.

Postal Serv., 147 F.3d 992, 999 (D.C. Cir. 1998); Voinche v. FBI, 46 F. Supp. 2d 26, 33 (D.D.C. 1999).[2]

### C. Exemptions 6 and 7(C) Justify the FBI's Glomar Response.

The FBI's response, neither confirming nor denying the existence of responsive documents, was proper under Exemption 6 analysis because disclosure of the information at issue "would constitute a clearly unwarranted invasion of personal privacy" and, under Exemption 7(C), because disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." Plaintiff seeks FBI files relating to an alleged relationship and meetings between former FBI General Counsel and Mr. Sussman. The third party about whom records are requested (Mr. Sussman) has a substantial privacy interest in the records, should they exist, not being disclosed because members of the public are likely to draw adverse inferences from the mere fact that an individual is mentioned in the files of a law enforcement agency such as the FBI or that he met with a high-level FBI employee. [Seidel Decl. ¶¶ 12, 17, 20.] Moreover, release of names and/or other personal information about third parties and their activities could cause unsolicited and unnecessary attention and harassment to be directed towards that person. [Id.] Mr. Sussman is a private citizen who has not publicly acknowledged any communications or meetings between himself and Mr. Baker, whether in Mr. Baker's official capacity or personal capacity. [Seidel ¶¶ 20.] If such communications exist, Mr. Sussman has a strong privacy interest in his communications, including the identity of those with whom he communicates and the content of

---

[2] Regarding the public interest, the D.C. Circuit has "'adopted a categorical rule permitting an agency to withhold information identifying private citizens mentioned in law enforcement records, unless disclosure is "necessary in order to confirm or refute compelling evidence that the agency is engaged in illegal activity."' Bartko v. U.S. Dep't of Justice, 2015 WL 9272833, at *6 (D.D.C. Dec. 18, 2015) (quoting Schrecker v. U.S. Dep't of Justice, 349 F.3d 657, 661 (D.C. Cir. 2003), in turn quoting SafeCard Servs., Inc. v. SEC, 926 F.2d 1197, 1206 (D.C. Cir. 1991)).

those communications.  [Id.]  Clearly, whether or not the requested records exist, Mr. Sussman has a substantial privacy interest in the disclosure of such records.

In contrast, Plaintiff's FOIA request did not assert any public interest necessitating the disclosure of the existence or nonexistence of records regarding Mr. Sussman.  In the balancing test, "something, even a modest privacy interest, outweighs nothing every time."  Nat'l Ass'n of Retired Fed. Employees v. Horner, 879 F.2d 873, 879 (D.C. Cir. 1989).  Accordingly, the FBI properly concluded that a Glomar response here was necessary to protect Mr. Sussman's considerable privacy interests, which were not outweighed by the public interest in disclosing whether responsive records exist.

## CONCLUSION

For the reasons set forth above, Defendant respectfully requests that this Court grant summary judgment in its favor on parts one and two of Plaintiff's FOIA request.

Dated: September 3, 2019    Respectfully submitted,

JESSIE K. LIU
D.C. Bar #472845
United States Attorney for the District of Columbia

DANIEL F. VAN HORN
D.C. Bar # 924092
Chief, Civil Division

By:  /s/ *April Denise Seabrook*
APRIL DENISE SEABROOK,
D.C. Bar # 993730
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2525
April.Seabrook@usdoj.gov

*COUNSEL FOR DEFENDANT*