IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUDICIAL WATCH, INC.,          )
                            )
         Plaintiff,         )
                            )
         v.               )      Civil Action No. 19-0573 (JEB)
                            )
DEPARTMENT OF JUSTICE,    )
                            )
         Defendant.     )
                            )

## DECLARATION OF MICHAEL G. SEIDEL

I, Michael G. Seidel, declare as follows:

(1)    I am currently the Assistant Section Chief ("ASC") of the Record/Information Dissemination Section ("RIDS"), Information Management Division ("IMD"), Winchester, Virginia and, in the absence of RIDS Section Chief, David M. Hardy, I serve as Acting Section Chief for RIDS. I have held this position since June 26, 2016. I joined the FBI in September 2011, and prior to my current position, I was the Unit Chief, RIDS Litigation Support Unit from November 2012 to June 2016; and an Assistant General Counsel, FBI Office of General Counsel, Freedom of Information Act ("FOIA") Litigation Unit, from September 2011 to November 2012. In those capacities, I had management oversight or agency counsel responsibility for FBI FOIA and Privacy Act ("PA") litigation cases nationwide. Prior to my joining the FBI, I served as a Senior Attorney, U.S. Drug Enforcement Administration ("DEA") from September 2006 to September 2011, where among myriad legal responsibilities, I advised on FOIA/PA matters and served as agency counsel representing the DEA in FOIA/PA suits nationwide. I also served as a U.S. Army Judge Advocate General's Corps Officer in various assignments from 1994 to

September 2006 culminating in my assignment as Chief, General Litigation Branch, U.S. Army Litigation Division where I oversaw FOIA/PA litigation for the U.S. Army.  I am an attorney registered in the State of Ohio and the District of Columbia.

(2)     In my official capacity as Acting Section Chief of RIDS, I supervise approximately 245 FBI employees, supported by approximately 75 contractors, who staff a total of twelve (12) FBI Headquarters ("FBIHQ") units and two (2) field operational service center units whose collective mission is to effectively plan, develop, direct, and manage responses to requests for access to FBI records and information pursuant to the FOIA as amended by the OPEN Government Act of 2007, the OPEN FOIA Act of 2009, and the FOIA Improvement Act of 2016; the Privacy Act of 1974; Executive Order 13,526; Presidential, Attorney General, and FBI policies and procedures; judicial decisions; and Presidential and Congressional directives. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3)     Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to Plaintiff's request for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the PA of 1974, 5 U.S.C. § 552a.  Specifically, I am aware of the FBI's handling of Plaintiff's FOIA request, seeking access to records concerning communications and/or meetings between former FBI General Counsel James Baker and third party Michael Sussman.

(4)     This declaration is submitted in support of Defendant's Partial Motion for Summary Judgment for parts one and two of Plaintiff's FOIA request and to provide the Court

2

and Plaintiff with justification of the FBI's determination to neither confirm nor deny the

existence of responsive records on a third party individual.

## ADMINISTRATIVE HISTORY OF PLAINTIFF'S FOIA REQUEST

(5)    By letter dated October 5, 2018, Plaintiff submitted a three-part FOIA request to

the FBI seeking:

1. Any and all records of communication between former FBI General Counsel
   James Baker and former Department of Justice attorney and current Perkins
   Coie Partner Michael Sussman.
2. Any and all records created in preparation for, during, and/or pursuant to any
   meetings between Mr. Baker and Mr. Sussman.
3. Any and all calendars, agendas, or similar records, either in paper or
   electronic format, documenting the schedule and activities of Mr. Baker.[1]

Plaintiff limited the request to records created between January 1, 2016 and December 31, 2016.

Plaintiff also requested a waiver of search and duplication fees as a member of the news media

and purported public interest in disclosure of the requested information.  The FOIA request did

not enclose a privacy waiver authorizing disclosure of records about Mr. Sussman to a third

party.  The FOIA request also did not state any facts or evidence describing or supporting a

public interest in the disclosure of the requested records.  *See* **Exhibit A.**

(6)    By letter dated October 16, 2018, the FBI acknowledged receipt of Plaintiff's

request and assigned it FOIA Request No. 1418827-000.  The FBI advised Plaintiff the request

for a public interest fee waiver was under consideration and for purpose of assessing fees, they

were considered news media.  Plaintiff was further advised it could appeal the FBI's

determination by filing an appeal with the Department of Justice, Office of Information Policy

("OIP") within ninety days from the date of the letter or in the alternative seek dispute resolution

---

[1] The FBI is currently processing records responsive to part three of Plaintiff's FOIA request.
These productions are ongoing and not yet ripe for Summary Judgment.

services by contacting the Office of Government Information Services ("OGIS") or contact the

FBI's FOIA Public Liaison with questions.  *See* **Exhibit B.**

(7)  On or about March 1, 2019, Plaintiff filed the present lawsuit in the U.S. District

Court for the District of Columbia.  *See* **ECF No. 1, Complaint.**

(8)  The FBI advised the Court and Plaintiff of its intent to assert a privacy *Glomar* for

parts one and two of the request and that it completed the search for part three of the request in

its June 4, 2019 and June 21, 2019, Joint Status Reports.  The FBI also advised it had located

approximately 15,000 pages of records in response to part three of the Plaintiff's FOIA request

and anticipates reviewing those pages a rate of 500 pages per month.  *See* **ECF No. 8 and 9,**

**Joint Status Report and Proposed Schedule.**

(9)  On August 1, 2019, the Court Ordered the Government to file a Partial Summary

Judgment Motion by September 3, 2019 on the *Glomar* determinations related to parts one and

two of Plaintiff's FOIA request.  *See* **ECF, Minute Order dated August 1, 2019.**  This

declaration will set forth the FBI policy for processing requests for third party records and

describe the application of the balancing test to this particular case.

## DISCLOSURE OF THE EXISTENCE OR NON-EXISTENCE OF RESPONSIVE RECORDS WOULD CAUSE HARM UNDER FOIA EXEMPTIONS 6 AND 7(C)

(10)  The FBI's long-standing policy has been to provide an Exemptions (b)(6) and

(b)(7)(C) *Glomar* response (hereinafter "privacy *Glomar*"), neither confirming nor denying the

existence of records, in those instances where a requester seeks access to information regarding a

third party but fails to provide: 1) a privacy waiver from the third party; 2) proof of death of that

third party as described in the regulation at 28 C.F.R. § 16.3(a); or 3) sufficient evidence of a

significant public interest in disclosure of the material sought.[2]  When the FBI asserts a privacy

*Glomar*, it is policy not to conduct a search for responsive records because the nature of the

requested records alone prohibits acknowledgement and disclosure.

(11)    The FOIA exempts from disclosure records related to third parties if release of the

information could be expected to constitute an unwarranted invasion of personal privacy.

Specifically, the FOIA provides as follows:

5 U.S.C. § 552 (b)(6) exempts from disclosure:

personnel and medical files and similar files when the disclosure of such information
would constitute a clearly unwarranted invasion of personal privacy.

5 U.S.C. § 552(b)(7)(C) exempts from disclosure:

records or information compiled for law enforcement purposes, but only to the extent that
the production of such law enforcement records or information . . . could reasonably be
expected to constitute an unwarranted invasion of personal privacy.[3]

(12)    A privacy *Glomar* is necessary pursuant to 5 U.S.C. § 552(b)(6) and (b)(7)(C)

because members of the public are likely to draw adverse inferences from the mere fact that an

individual is mentioned in the files of a law enforcement agency such as the FBI or has engaged

in meetings or communications with high-level FBI employees, as this may cast the individual in

---

[2] The phrase "*Glomar* response" stems from a case in which a FOIA requester sought
information concerning a ship named the "Hughes Glomar Explorer," and the CIA refused to
confirm or deny its relationship with the Glomar vessel because to do so would compromise the
national security or divulge intelligence sources and methods. *Phillipi v. CIA, 655 F 2d. 1325
(D.C. Cir. 1981).* *Glomar* responses are proper "if the fact of the existence or nonexistence of
agency records falls within a FOIA exemption." *Wolf v. C.I.A.*, 473 F.3d 370, 374 (D.C. Cir.
2007).

[3] The practice of the FBI is to assert Exemption (b)(6) in conjunction with Exemption (b)(7)(C).
Although the balancing test for Exemption (b)(6) uses a "would constitute a clearly unwarranted
invasion of personal privacy" standard, and the test for Exemption (b)(7)(C) uses the lower
standard of "could reasonably be expected to constitute an unwarranted invasion of personal
privacy," the analysis and balancing required by both exemptions is sufficiently similar to
warrant a consolidated discussion. The privacy interests are balanced against the public's
interest in disclosure under the analysis of both exemptions.

an unfavorable or negative light.  Moreover, release of names and/or other personal information about third parties could cause unsolicited and unnecessary attention or harassment to be focused on them.  Individuals—whether they are the subjects of an investigation, witnesses, or law enforcement personnel—have a strong interest in not being associated unwarrantedly with alleged or actual criminal activity.  These individuals maintain strong privacy interests in not having their personal information disclosed.

(13)    After identifying the substantial privacy interests of third parties, the FBI balances those interests against the public interest in disclosure and evaluates—on a case-by-case basis—whether significant public benefit would result from the disclosure of the requested records.  The relevant "public interest" under the FOIA is whether the requested records, if they were to exist, shed light on the activities of the FBI and show "what the Government is up to." If a significant public interest outweighs the substantial privacy interests of the subject(s) of the request, or if certain information about a third party has already been officially acknowledged, the FBI will typically "pierce" the privacy *Glomar* and acknowledge the existence of responsive files.  In most cases, there is no discernible public interest in disclosure of such information because disclosure of information in FBI investigative files regarding specific third-parties does not shed light on the activities of the FBI. As a result, when this negligible public interest is balanced against the third parties' substantial privacy interests, disclosure would constitute a clearly unwarranted and an unwarranted invasion of their personal privacy.

(14)    To the extent Plaintiff seeks investigative records related to Mr. Sussman, the FBI can neither confirm nor deny existence of such records, pursuant to FOIA Exemptions (b)(6) and (b)(7)(C).

6

(15)    Exemption 7 of the FOIA protects from mandatory disclosure records or

information compiled for law enforcement purposes, but only to the extent that disclosure could

reasonably be expected to cause one of the harms enumerated in the subpart of the exemption.

See 5 U.S.C. § 552(b)(7).  In this case, the harms that could reasonably be expected to result

from disclosure concern invasion of personal privacy.

(16)    Before an agency can invoke any of the harms enumerated in exemption (b)(7), it

must first demonstrate that the records or information at issue were compiled for law

enforcement purposes.  Law enforcement agencies such as the FBI must demonstrate that the

records at issue are related to the enforcement of federal laws and that the enforcement activity is

within the law enforcement duty of that agency.

(17)    Since the FBI's policy is not to conduct a search for responsive records under

these circumstances, it cannot cite any specific statutory investigative authority for compiling the

records.  However, the FBI can state that investigative records, should any exist, would have

been collected and maintained by the FBI as part of its law enforcement mission.  The FBI's

responsibilities include the investigation of violations of criminal laws of the United States and

collection of evidence in cases in which the United States is or may be a party in interest (See 28

C.F.R. § 0.85).  Any investigative records the FBI would have related to this individual, if such

records exist, would have been specifically compiled for law enforcement purposes and would

relate directly to, and are the product of, the FBI's investigation of violations of the United States

Code for which the FBI has investigative responsibility.  Any records created by the FBI in the

course of its investigations, would have been compiled to document the investigative actions and

findings in a criminal case and support a potential prosecution.  Accordingly, any responsive

investigative records would readily meet the threshold requirement of FOIA exemption (b)(7), should they exist.

(18)    Given that Plaintiff failed to provide a privacy waiver or proof of death, the FBI denied Plaintiff's request for records concerning Michael Sussman.   Mr. Sussman has a strong privacy interest related to the release of information about him, and Plaintiff has not shown he is authorized by Mr. Sussman to receive such information.

(19)    Plaintiff has also failed to establish an overriding public interest in disclosure. Plaintiff has not provided information to indicate that, if such records existed, they would be in the public interest.  The relevant public interest, under FOIA, is to shed light on government conduct.  Even if such records existed, Plaintiff failed to support its conclusory claim the records would shed light on the operations and activities of the government with any explanation of how these particular records would do so.

(20)    To the extent Plaintiff seeks non-investigative records, the FBI can neither confirm nor deny whether it possesses responsive records, pursuant to FOIA Exemption (b)(6). While such records may not implicate the third party's involvement in *investigative* records, the third party's privacy interest is still strong.  This third party is a private citizen who has not publicly acknowledged any communications or meetings between himself and Mr. Baker, whether in Mr. Baker's official capacity or personal capacity.  He has a strong privacy interest in his communications, including the identity of those with whom he communicates.  Moreover, Plaintiff has not demonstrated how disclosing the existence of such records, if they were to exist, would shed light on government conduct.  If the FBI possessed responsive, non-investigative records, and the FBI were to confirm their existence, it would bring unwanted and unsolicited attention to this third party, resulting in a clearly unwarranted invasion of his personal privacy.

(21)   RIDS used a specific process to determine whether to search for or release third-party information.  Here, Plaintiff failed to provide information to support a conclusion that Mr. Sussman's privacy interest is outweighed by the public's interest in disclosure.  As such, Plaintiff's claimed public interest is insufficient to justify invading a third party's privacy interests.  The FBI, therefore, determined that confirming or denying the existence of FBI law enforcement records concerning Mr. Sussman would constitute a clearly unwarranted invasion of his personal privacy pursuant to FOIA exemption (b)(6) and could reasonably be expected to constitute an unwarranted invasion of his personal privacy pursuant to FOIA exemption (b)(7)(C).

## CONCLUSION

(22)   Plaintiff sought records pertaining to a third party individual.  Plaintiff did not provide written consent or proof of death for this subject.  Plaintiff also failed to show a significant public interest in a release of information sufficient to outweigh the subject's privacy interest.  Therefore, the FBI refused to confirm or deny the existence of responsive records and therefore denied the request pursuant to FOIA exemptions, (b)(6) and (b)(7)(C).


Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, and that Exhibits A and B attached hereto are true and correct copies.


Executed this _3rd_ day of September, 2019.

MICHAEL G. SEIDEL
Acting Section Chief
Record/Information Dissemination Section
Information Management Division
Federal Bureau of Investigation
Winchester, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUDICIAL WATCH, INC.,          )
                               )
          Plaintiff,           )
                               )
     v.                        )          Civil Action No. 19-0573 (JEB)
                               )
DEPARTMENT OF JUSTICE,         )
                               )
          Defendant.           )
                               )

**EXHIBIT A**

----START MESSAGE---- Subject: eFOIA Request Received Sent: 2018-10-05T18:23:05.060324+00:00 Status: pending Message:

# Organization Representative Information

| | |
|---|---|
| **Organization Name** | Judicial Watch, Inc. |
| **Prefix** | |
| **First Name** | Sean |
| **Middle Name** | |
| **Last Name** | Dunagan |
| **Suffix** | |
| **Email** | sdunagan@judicialwatch.org |
| **Phone** | 814-691-9806 |
| **Location** | United States |

# Domestic Address

| | |
|---|---|
| **Address Line 1** | 400 Scott Ave |
| **Address Line 2** | |
| **City** | Fort Collins |
| **State** | Colorado |
| **Postal** | 80521 |

# Agreement to Pay

**How you will pay**    I am requesting a fee waiver for my request and have reviewed the FOIA reference guide. If my fee waiver is denied, I am willing to pay additional fees and will enter that maximum amount in the box below.

**Allow up to $**    300

# Proof Of Affiliation for Fee Waiver

**Waiver Explanation**    We are entitled to a waiver of search fees because we are a "representative of the news media." See 5 U.S.C. § 552(a)(4)(A)(ii)(II); see also Cause of Action v. Federal Trade Comm., 799 F.3d 1108 (D.C. Cir. 2015); Nat'l Sec. Archive v. U.S. Dep't of Defense, 880 F.2d 1381 (D.C. Cir. 1989). For more than twenty years, Judicial Watch has used FOIA and other investigative tools to gather information about the operations and activities of government, a subject of undisputed public interest. Our personnel, which includes experienced journalists and professional writers on staff and under contract, use their editorial skills to turn this raw information into distinct works that are disseminated to the public via our monthly newsletter, which has a circulation of over 300,000, weekly email update, which has over 600,000 subscribers, investigative bulletins, special reports, www.judicialwatch.org website, Corruption Chronicles blog, and social media, including Facebook and Twitter, among other distribution channels. We have authored several books, including Corruption Chronicles by Tom Fitton (Threshold Editions, July 24, 2012), and Clean House by Tom Fitton (Threshold Editions, Aug. 30, 2016). In 2012, we produced a documentary film, "District of Corruption," directed by Stephen K. Bannon. Our "news media" status has been confirmed in court rulings. See, e.g., Judicial Watch, Inc. v. U.S. Dep't of Defense, 2006 U.S. Dist. LEXIS 44003, *1 (D.D.C. June 28, 2006); Judicial Watch, Inc. v. U.S. Dep't of Justice, 133 F. Supp.2d 52 (D.D.C. 2000). As a tax exempt, 501(c)(3) non-profit corporation, we have no commercial interests and do not seek the requested records for any commercial use. Rather, we intend to use the requested records as part of our on-going investigative journalism and public education efforts to promote integrity, transparency, and accountability in government and fidelity to the rule of law.

Judicial Watch also is entitled to a waiver of both search fees and duplication fees because "disclosure of the information is in the public interest." 5 U.S.C. § 552(a)(4)(A)(iii). Disclosure of the requested records undoubtedly will shed light on "the operations or activities of the government." Cause of Action, 799 F.3d at 1115 (quoting 5 U.S.C. § 552(a)(4)(A)(iii)). Disclosure also is "likely to contribute significantly to the public understanding" of those operations or activities because, among other reasons, Judicial Watch intends to disseminate both the records and its findings to "a reasonably broad audience of persons interested in the subject" via its newsletter, email updates, investigative bulletins, website, blog, and its other, regular distribution channels. Cause of Action, 799 F.3d at 1116 (quoting Carney v. U.S. Dep't of Justice, 19 F.3d 807, 815 (2d Cir. 1994)).

**Documentation Files**

# Non-Individual FOIA Request

**Request Information**    1. Any and all records of communication between former FBI General Counsel James Baker and former Department of Justice attorney and current Perkins Coie Partner Michael Sussman.

2. Any and all records created in preparation for, during, and/or pursuant to any meetings between Mr. Baker and Mr. Sussman.

3. Any and all calendars, agendas, or similar records, either in paper or electronic format, documenting the schedule and activities of Mr. Baker.

The time frame for this request is January 1, 2016 to December 31, 2016.

----END MESSAGE----

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 19-0573 (JEB) |
| | ) |
| DEPARTMENT OF JUSTICE, | ) |
| | ) |
| Defendant. | ) |

**EXHIBIT B**

U.S. Department of Justice

<u>**Federal Bureau of Investigation**</u>
*Washington, D.C. 20535*

October 16, 2018

MR. SEAN DUNAGAN
JUDICIAL WATCH
400 SCOTT AVENUE
FORT COLLINS, CO 80521

FOIPA Request No.: 1418827-000
Subject: Records related to James Baker
and Michael Sussman
(January 1, 2016 - December 31, 2016)

Dear Mr. Dunagan:

     This acknowledges receipt of your Freedom of Information Act (FOIA) request to the FBI.   For administrative tracking purposes, additional FOIPA Request Numbers may be assigned if it is determined your request seeks records about multiple subjects.   You will be notified of any additional tracking numbers if assigned.   Below you will find check boxes and informational paragraphs about your request, as well as specific determinations per statute.   Please read each one carefully.

    ☑     You submitted your request via the FBI's eFOIPA system.

         ☑     We have reviewed your request.   Consistent with the FBI eFOIPA terms of service, future correspondence about your FOIA request will be provided in an email link.

         ☐     We have reviewed your request.   Consistent with the FBI eFOIPA terms of service, future correspondence about your FOIPA request will be sent through standard mail.

    ☑     Your request for a public interest fee waiver is under consideration, and you will be advised of the decision at a later date.   If your fee waiver is not granted, you will be responsible for applicable fees per your designated requester fee category below.

    ☑     For the purpose of assessing any fees, we have determined:

         ☐     As a commercial use requester, you will be charged applicable search, review, and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(I).

         ☑     As an educational institution, noncommercial scientific institution or representative of the news media requester, you will be charged applicable duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(II).

         ☐     As a general (all others) requester, you will be charged applicable search and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(III).

     Please check the status of your FOIPA request at www.fbi.gov/foia by clicking on **FOIPA Status** and entering your FOIPA Request Number.   Status updates are adjusted weekly.   The status of newly assigned requests may not be available until the next weekly update.   If the FOIPA has been closed the notice will indicate that appropriate correspondence has been mailed to the address on file.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIA online portal by creating an account on the following web site:  https://www.foiaonline.gov/foiaonline/action/public/home.   Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
    Dissemination Section
Information Management Division