UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., | |
| Plaintiff, | |
| v. | Civil Action No.: 19-0573 (JEB) |
| U.S. DEPARMENT OF JUSTICE, | |
| Defendant. | |

## JOINT STATUS REPORT AND PROPOSED SCHEDULE

Pursuant to the Court's Minute Order of March 4, 2020, Plaintiff Judicial Watch, Inc. ("Plaintiff") and Defendant U.S. Department of Justice, on behalf of its component-agency the Federal Bureau of Investigation ("FBI"), by and through undersigned counsel, report to the Court as follows.

1. The Complaint in this action was filed under the Freedom of Information Act ("FOIA") on March 1, 2019. Defendant answered the Complaint on April 8, 2019.

2. This lawsuit involves a multipart FOIA request directed to the FBI for records of communications and meetings between former FBI general counsel James Baker and for DOJ attorney and current Perkins Coie partner Michael Sussman. (Compl. ¶ 5)

**Parts 1 and 2 of the FOIA Request**

3. The FBI asserted a privacy *Glomar* in conjunction with FOIA Exemptions 6 and 7(C) for parts 1 and 2 of the request and moved for summary judgment regarding parts 1 and 2 of the request.

4. On November 26, 2019, the Court issued an Order [ECF No. 17] and Memorandum Opinion [ECF No. 18] denying Defendant's Motion for Summary Judgment.

5. On December 31, 2019, Defendant filed a Motion for Reconsideration [ECF No. 20] regarding the Court's November 26, 2019, Order and Memorandum Opinion.

6. After full briefing by the parties, the Court granted the motion in part and denied it in part. [ECF No. 27]. Specifically, the Court held that the Defendant may maintain a Glomar response for Parts 1 and 2, except for communications that demonstrate that a meeting between Sussman and Baker occurred in September 2016.

7. On Wednesday, April 29, 2020, the FBI issued a response to Parts 1 and 2 by maintaining the Exemption 6 and 7(C) Glomar response to the matter allowed by the Court, and asserting an Exemption 7(D) Glomar response to the portion that seeks "communications that demonstrate that a meeting between Sussman and Baker occurred in September 2016."

**Part 3 of the FOIA Request**

8. The FBI has completed the search for records and determined there are approximately 15,000 pages of records that are potentially responsive to part 3 of the request.

9. The FBI made its first production of non-exempt portions of responsive records in August 2019, and continued to make monthly productions, until they were interrupted by the closure of FBI's Record/Information Dissemination Section ("RIDS") on March 17, 2020. *See* Declaration of David M. Hardy. The FBI reports that RIDS resumed operations on a limited basis on April 29, 2020. *Id.* ¶ 17. Consistent with social distancing guidance, no more than one third of RIDS employees were permitted to work on any given day. Accordingly, each unit was divided into three teams, and each team was to report to work on a rotating basis. Many employees will be unavailable to report to work, however, due to (1) being at higher risk for severe illness; (2) being ill; or (3) child care issues. *Id.* ¶¶ 18-19. Therefore, because each RIDS employee available to return to work will only be able to work one or two days per week, the capacity is expected to be significantly limited.

      *Id.* ¶ 21. Additionally, it was anticipated that the initial days in the office would require some period of orientation and adjustment to the new circumstances.

10. On April 30, 2020, RIDS learned that an employee who reported to work was symptomatic for COVID-19. To prevent the potential spread of the virus, RIDS halted operations again at Noon on April 30, 2020, so that there could be a deep cleaning of the workspace. Later that evening, it was discovered that another employee who reported to work had potentially been exposed to a positive COVID-19 case outside of the workplace, and the FBI determined that RIDS should remain closed for another deep cleaning on May 1, 2020. Both employees subsequently self-quarantined. These cleanings were necessary to ensure the health and safety of RIDS employees, and similar circumstances can be anticipated as the pandemic continues and as RIDS continues to bring employees back to work.

11. In short, while RIDS is resuming operations, it is doing so with significantly diminished staffing levels necessary to ensure the health and safety of staff who are reporting to work. Moreover, the future impacts of COVID-19 on staffing levels are unpredictable. Considering these limitations, RIDS anticipates being able to provide a report on May 29, 2020, in which it will provide an update concerning its ability to process the responsive records.

12. Given the large number of potentially responsive pages located in the search for records regarding part 3 of the request, Defendant intends to confer with Plaintiff regarding the potential narrowing of part 3.

**Proposed Next Steps**

13. The parties propose that they provide the Court with a further status report regarding the processing of Part 3 of the request on or before July 7, 2020.

Dated: May 5, 2020

Respectfully submitted,

| | |
|---|---|
| /s/ *James F. Peterson* <br> JAMES F. PETERSON, <br> D.C. Bar No. 450171 <br> JUDICIAL WATCH, INC <br> 425 Third street, SW, suite 800 <br> Washington, DC 20024 <br> (202) 646-5175 <br> Fax: (202) 646-5199 <br> Email: jpeterson@judicialwatch.org <br><br> *Counsel for Plaintiff* | TIMOTHY J. SHEA, D.C. Bar No. 437437 <br> United States Attorney <br><br> DANIEL F. VAN HORN, D.C. Bar No. 924092 <br> Chief, Civil Division <br><br> /s/  *Darrell C. Valdez* <br> DARRELL C. VALDEZ, D.C. Bar No. 420232 <br> Assistant United States Attorney <br> 555 Fourth Street, N.W. <br> Washington, D.C. 20530 <br> Telephone: (202) 252-2507 <br> Darrell.Valdez@usdoj.gov <br><br> *Counsel for Defendant* |